UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUKHVINDER SINGH, | NO. C15-756-TSZ-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| LORETTA LYNCH, et al., | |
| Respondents. | |

## INTRODUCTION

Petitioner, a native and citizen of India, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking release from immigration detention at the Northwest Detention Center in Tacoma, Washington. Dkt. 7. Respondents have moved to dismiss, arguing that petitioner's detention is statutorily authorized and he is not entitled to release. Dkt. 11. Through counsel, petitioner filed a response and request to voluntarily dismiss his habeas petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 16. He explained that he hopes to pursue avenues for relief that would allow him to remain in the United States. *Id.* at 1. In their reply, respondents contend that dismissal with prejudice is appropriate because petitioner is not entitled to relief on the merits of his habeas petition. Dkt. 17.

REPORT AND RECOMMENDATION - 1

Having carefully considered the submissions of the parties, the balance of the record, and the governing law, the Court concludes that petitioner's request for voluntary dismissal without prejudice should be GRANTED, respondents' motion to dismiss should be DENIED as moot, and petitioner's habeas petition and this action should be DISMISSED without prejudice.

## DISCUSSION

Rule 41(a)(2) states in pertinent part that, after a defendant serves an answer or a motion for summary judgment, and absent a stipulation by all parties who have appeared, "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to permit voluntary dismissal under Rule 41(a)(2), either with or without prejudice, is left to the sound discretion of the district court. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

The purpose of Rule 41(a)(2) is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal. *Stevedoring Serv's of Am. v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir. 1989). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist.*, 100 F.3d at 97. It is insufficient that the issues raised in a lawsuit remain unresolved or a defendant faces the prospect of a second lawsuit. *Id.*; *Hamilton*, 679 F.3d at 145.

Respondents argue that Court should deny petitioner's request to voluntarily dismiss this action without prejudice because his habeas petition can be denied on the merits and there is no

REPORT AND RECOMMENDATION - 2

reason to permit him to later refile the same action. Dkt. 17 at 3. These arguments, however, fail to establish plain legal prejudice. The fact that respondents' motion to dismiss is pending is only a factor to be considered and does not establish that dismissal under Rule 41(a)(2) is inappropriate. *See, e.g.*, *Searcy v. Thomas*, No. 10-cv-294-EJL, 2013 WL 837936, at *2 - *3 (D. Idaho Mar. 6, 2013); *Mitchell-Jones v. Menzies Aviation, Inc.*, No. C10-1190JLR, 2011 WL 3273221, at *3 (W.D. Wash. Jul. 28, 2011); *Creative Labs, Inc. v. Orchid Tech.*, No. C93-4329TEH, 1997 WL 588923, at *2 (N.D. Cal. Sept. 12, 1997). As other courts have reasoned, granting petitioner's request for voluntary dismissal would prevent the Court from ruling on respondents' motion to dismiss, but it would not preclude respondents from raising the same arguments in subsequent litigation. *Searcy*, 2013 WL 837936, at *3; *Mitchell-Jones*, 2011 WL 3273221, at *3; *Creative Labs, Inc.*, 1997 WL 588923, at *2. Thus, the prospect that respondents will have to refile their motion to dismiss does not constitute legal prejudice sufficient to deny petitioner's request for voluntary dismissal without prejudice. *Searcy*, 2013 WL 837936, at *3; *Mitchell-Jones*, 2011 WL 3273221, at *3; *Creative Labs, Inc.*, 1997 WL 588923, at *2. Moreover, the mere fact that petitioner could bring the same claims again does not establish plain legal prejudice. *See Hamilton*, 679 F.3d at 145 (prospect of second lawsuit insufficient to establish plain legal prejudice). Because there is no indication that respondents will suffer plain legal prejudice if this matter is dismissed without prejudice, petitioner is entitled to have his habeas petition and this action dismissed without prejudice.

## CONCLUSION

Based on the foregoing, the Court recommends that petitioner's request for voluntary dismissal without prejudice, Dkt. 16, be GRANTED; respondents' motion to dismiss, Dkt. 11, be DENIED as moot; and petitioner's habeas petition and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 13, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 16, 2015.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 29th day of September, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4